UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS MCKINNON and GERI MCKINNON,<br><br>    Plaintiffs,<br><br>v.<br><br>ONEWEST BANK, FSB, et al.,<br><br>    Defendants. | 2:12-CV-329JCM (VCF) |

### ORDER

Presently before the court are *pro se* plaintiffs Thomas and Geri McKinnon's motions for temporary restraining order and preliminary injunction. (Docs. #16 and #17).

The property at issue in this case is located at 6208 Sweetbriar Court, Las Vegas, Nevada. (Doc. #14). Plaintiffs filed their complaint on February 29, 2012. (Doc. #1). On March 22, 2012, defendant NDEX West, LLC filed a motion to dismiss. (Doc. #7). Plaintiffs then filed an amended complaint on April 9, 2012, which added causes of action and defendants. (Doc. #14). On April 16, 2012, this court denied NDEX West's motion to dismiss as moot. (Doc. #15). Plaintiffs now move for a temporary restraining order and preliminary injunction, seeking to prevent a trustee's sale scheduled for May 16, 2012. (Docs. #16 and #17).

This is the second lawsuit between these same parties; it involves the same property and the same alleged wrongful conduct. On January 23, 2012, United States District Court Judge Dawson entered an order dismissing plaintiffs' first lawsuit on the merits. (Doc. #47). One month later,

**James C. Mahan**
**U.S. District Judge**

1   plaintiffs filed the instant lawsuit. (Doc. #1).

2     According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. The Supreme Court has stated that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

  Claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). The doctrine applies when there is: (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties. *Id.*

  Here, plaintiffs have not demonstrated a likelihood of success on the merits. Plaintiffs' motions for temporary restraining order and preliminary injunction do not address plaintiffs' prior lawsuit and the preclusive effect the prior lawsuit may have in this case. (Docs. #16 and #17). Further, the three elements of claim preclusion appear to exist in this case. *See Owens*, 244 F.3d at 713. Therefore, without an explanation of the prior lawsuit in plaintiffs' moving papers, the court cannot find that plaintiffs have demonstrated a likelihood of success on the merits.

  Accordingly,

  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiffs Thomas and Geri McKinnon's motions for temporary restraining order and preliminary injunction (docs. #16 and #17) be, and the same hereby are, DENIED.

  DATED May 4, 2012.

*[signature: James C. Mahan]*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -