UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS MCKINNON and GERI MCKINNON,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>ONEWEST BANK, FSB, et al.,<br><br>　　　　　Defendants. | 2:12-CV-329 JCM (VCF) |

**ORDER**

Presently before the court is defendants NDEX West, LLC, et. al.'s motion to dismiss the amended complaint. (Doc. #26). *Pro se* plaintiffs Geri and Thomas McKinnon filed an opposition. (Doc. #36). Defendants then filed a reply. (Doc. #41). Also before the court are plaintiff's motion to reconsider order on temporary restraining order (doc. #25) and motion to stay hearing defendants' dispositive motions until the original note is disclosed (doc. #33), and defendants' motion to expunge *lis pendens* (doc. #28).

This is the second lawsuit between these same parties; it involves the same property and the same alleged wrongful conduct. *Compare McKinnon, et. al. v. IndyMac Bank F.S.B., et. al.*, case number 2:11-cv-607-KJD-GWF *and McKinnon, et. al. v. NDEX West, LLC*, case number 2:12-cv-329-JCM-VCF. On January 23, 2012, United States District Court Judge Dawson entered an order dismissing plaintiffs' first lawsuit on the merits. (*McKinnon, et. al. v. IndyMac Bank F.S.B., et. al.*, case number 2:11-cv-607-KJD-GWF, Doc. #47). One month later, plaintiffs filed the instant

**James C. Mahan**
**U.S. District Judge**

1  lawsuit. (*McKinnon, et. al. v. NDEX West, LLC*, case number 2:12-cv-329-JCM-VCF, Doc. #1).

2  Like the first lawsuit filed by plaintiffs, the property at issue in this case is located at 6208
3  Sweetbriar Court, Las Vegas, Nevada. (Doc. #14). Plaintiffs filed their second lawsuit on February
4  29, 2012. (Doc. #1). On March 22, 2012, defendant NDEX West, LLC filed a motion to dismiss.
5  (Doc. #7). Plaintiffs then filed an amended complaint on April 9, 2012. (Doc. #14). On April 16,
6  2012, the court denied NDEX West's motion to dismiss as moot. (Doc. #15). Plaintiffs moved for
7  a temporary restraining order on May 1, 2012. (Doc. #16). The court denied the motion for
8  temporary restraining order, finding that plaintiffs had not demonstrated a likelihood of success on
9  the merits because the motion did not address plaintiffs' prior lawsuit and the preclusive effect it may
10 have on this case. (Doc. #21).

11 The instant motion to dismiss asserts that the court should dismiss the complaint on three
12 independent legal grounds. First, the instant lawsuit is barred by the doctrine of claim preclusion.
13 Second, the complaint fails to state a claim upon which relief can be granted. Third, plaintiffs' Fair
14 Debt Collection Practices Act claim is barred by the applicable statute of limitations. (Doc. #26).

15 Claim preclusion "bars litigation in a subsequent action of any claims that were raised or
16 could have been raised in the prior action." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d
17 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th
18 Cir. 1997)). The doctrine applies when there is: (1) an identity of claims, (2) a final judgment on the
19 merits, and (3) identity or privity between the parties. *Id.* "The central criterion in determining
20 whether there is an identity of claims between the first and second adjudications is whether the two
21 suits arise out of the same transactional nucleus of facts." *Frank v. United Airlines, Inc.*, 216 F.3d
22 845, 851 (9th Cir. 2000) (internal quotations omitted).

23 The instant case is barred by the doctrine of claim preclusion. All three of the elements
24 required for claim preclusion exist in this case. First, there is an identity of claims because the "two
25 suits arise out of the same transactional nucleus of facts." *Frank*, 216 F.3d at 851. Both of these
26 lawsuits arise out of a dispute over defendants' authority and ability to foreclose on plaintiffs'
27 residence. Second, there was a final adjudication on the merits in the first lawsuit – Judge Dawson
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  entered an order dismissing the first lawsuit on the merits on January 23, 2012.  (*McKinnon, et. al.
2  v. IndyMac Bank F.S.B., et. al.*, case number 2:11-cv-607-KJD-GWF, Doc. #47).  Third, the parties
3  are the same in the first and second actions.  Accordingly, dismissal of this second action is
4  appropriate pursuant to the doctrine of claim preclusion.

5  After plaintiffs filed their motion to stay hearing defendants' dispositive motions until the
6  original note is disclosed (doc. #33), defendants filed a notice of offer of proof, stating that the
7  original note and the original deed of trust are available for viewing at defendants' counsel's law
8  office in Las Vegas (doc. #42).  Therefore, plaintiff's motion to stay is moot.

9  Similarly, in light of the court's ruling on defendants' motion to dismiss, plaintiffs' motion
10 to reconsider order on temporary restraining order (doc. #25) is moot.

11 Accordingly,

12 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants NDEX West,
13 LLC, et. al.'s motion to dismiss the amended complaint (doc. #26) be, and the same hereby is,
14 GRANTED.

15 IT IS FURTHER ORDERED that defendants' motion to expunge *lis pendens* (doc. #28) be,
16 and the same hereby is, GRANTED.

17 IT IS FURTHER ORDERED that *pro se* plaintiffs Geri and Thomas McKinnon's motion to
18 reconsider order on temporary restraining order (doc. #25) and motion to stay hearing defendants'
19 dispositive motions until the original note is disclosed (doc. #33) be, and the same hereby are,
20 DENIED as moot.

21 IT IS FURTHER ORDERED that the clerk of court shall close the above-captioned case and
22 enter final judgment accordingly.

23 DATED June 19, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -