1
2
3
4
5                    **UNITED STATES DISTRICT COURT**
6                        **DISTRICT OF NEVADA**
7

8    THOMAS MCKINNON and GERI          2:12-CV-329 JCM (VCF)
     MCKINNON,
9
              Plaintiffs,
10
11   v.
12   ONEWEST BANK, FSB, et al.,
13            Defendants.
14

15                            **ORDER**

16   Presently before the court is *pro se* plaintiffs Geri and Thomas McKinnon's motion to vacate

17   and for relief from a judgment. (Doc. # 49). Defendants Onewest Bank, FSB *et al.* filed an

18   opposition. (Doc. # 55). Plaintiffs then filed a reply. (Doc. # 57).

19          Also before the court is plaintiffs' motion to alter or amend judgment. (Doc. # 50).

20   Defendants filed an opposition. (Doc. # 52). Plaintiffs then filed a reply.  (Doc. # 54).

21          Lastly, before the court is plaintiffs' emergency motion to report a crime. (Doc. # 53).

22   Defendants filed an opposition. (Doc. # 56). Plaintiffs then filed a reply. (Doc. # 58).

23   **I.      Procedural History**

24          On February 29, 2012, plaintiffs filed the instant case for wrongful foreclosure. (*McKinnon,*

25   *et. al. v. NDEX West, LLC*, case number 2:12-cv-329-JCM-VCF, Doc. # 1). This is the second

26   lawsuit between these same parties; it involves the same property and the same alleged wrongful

27   conduct. *Compare McKinnon, et. al. v. IndyMac Bank F.S.B., et. al.*, case number 2:11-cv-607-KJD-

28

**James C. Mahan**
**U.S. District Judge**

1  GWF *and McKinnon, et. al. v. NDEX West, LLC*, case number 2:12-cv-329-JCM-VCF. On January

2  23, 2012, United States District Court Judge Dawson entered an order dismissing plaintiffs' first

3  lawsuit on the merits. (*McKinnon, et. al. v. IndyMac Bank F.S.B., et. al.*, case number 2:11-cv-607-

4  KJD-GWF, Doc. #47). On June 19, 2012, this court dismissed the instant case pursuant to the

5  doctrine of claim preclusion. (Doc. # 43.)

6       Plaintiffs filed two motions to obtain relief from the court's order dismissing the action and

7  one motion to report a crime. The court will address each motion in turn.

8  **II.    Motions**

9       A.    <u>Motion to Vacate (Doc. # 49)</u>

10            1.    *Legal Standard*

11      A motion for relief from a judgment or order may be brought if movant can show: (1)

12  mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with

13  reasonable diligence could not have been discovered in time to move for a new trial; (3) fraud,

14  misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment

15  has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed

16  or vacated; or applying it prospectively is no longer equitable; and (6) any other reason that justifies

17  relief. FED. R. CIV. P. 60(b)*, see also Backland v. Barnhart*, 778 F.2d 1386, 1388 (1985). Relief

18  under exception six requires a finding of "extraordinary circumstances." *Id.* (citing *McConnell v.*

19  *MEBA Medical & Benefits Plan*, 759 F.2d 1401, 1407 (9th Cir.1985)). "A motion for reconsideration

20  is not an avenue to re-litigate the same issues and arguments upon which the court already has

21  ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005); *see Merozoite*

22  *v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995). "A party cannot have relief under this rule merely

23  because he or she is unhappy with the judgment." *Khan v. Fasano*, 194 F.Supp.2d 1134, 1136 (S.D.

24  Cal. 2001).

25            2.    *Analysis*

26      Plaintiffs specifically argue that the court's order should be vacated under Federal Rule of

27  Civil Procedure 60(b)(2), (3), (4), and (6).

28

**James C. Mahan**
**U.S. District Judge**                                      - 2 -

a. *Newly discovered evidence*

In order to form a basis for relief from judgment, newly discovered evidence must, *inter alia*, be likely to produce a different outcome. *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir.1990).

Plaintiffs' complaint was dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). When examining a complaint for failure to state a claim upon which relief can be granted, the court looks only to the sufficiency of the complaint. Thus, the court takes all factual allegations as true and does not consider evidence. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

Further, plaintiffs' claims were dismissed under the doctrine of claim preclusion. Claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action."*Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)).

To the extent that plaintiffs argue that newly discovered evidence warrants relief from this court's judgment, evidence is neither relevant nor admissible for a motion to dismiss. Further, no new material evidence would impact the court's decision to dismiss the case under claim preclusion. Thus, the court finds that relief on this basis is inappropriate.

b. *Fraud*

"To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). "Federal Rule of Civil Procedure 60(b)(3) require[s] that fraud ... not be discoverable by due diligence before or during the proceedings." *Pac. & Arctic Ry. and Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir.1991).

Plaintiffs have not met their burden of demonstrating by "clear and convincing evidence" that defendants obtained dismissal of this action through "fraud, misrepresentation, or other misconduct . . ." *De Saracho*, 206 F.3d at 880. The court dismissed this action on the basis of claim preclusion; there is nothing on the docket that indicates that plaintiffs were not given an opportunity to present

**James C. Mahan**
**U.S. District Judge**

their case. If anything, plaintiffs were given numerous opportunities to make their case against defendants. Thus, any allegation of fraud is unsubstantiated and does not warrant relief on this ground.

### c.   *Void judgment*

"[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *U. Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1377 (2010). Generally, a judgment is only void where the court lacked jurisdiction. *Id.*

Plaintiffs do not argue that the court lacked jurisdiction. Instead, they argue that the judgment is void because they were denied the opportunity to present evidence. The Federal Rules of Civil Procedure give courts broad authority to dismiss complaints that fail to state a claim. *See* FED. R. CIV. P. 12(b) and 8(a). Plaintiffs have not shown any fundamental infirmity that would cause the judgment to be void. Accordingly, reconsideration on this basis is denied.

### d.   *Any other reason that justifies relief*

"In order to bring himself within the limited area of Rule 60(b)(6) a petitioner is required to establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal." *Martella v. Marine Cooks & Stewards Union, Seafarers Int'l Union of N. Am., AFL–CIO*, 448 F.2d 729, 730 (9th Cir.1971).

Plaintiffs have already had their chance to litigate their case and have not provided the court with any reason to afford plaintiffs relief under Federal Rule of Civil Procedure 60(b)(6). As discussed, this court dismissed this action under the doctrine of claim preclusion. Plaintiffs argue that they were unable to present evidence; however, that is not relevant to the basis upon which this court dismissed plaintiffs' action. Plaintiff have not provided the court with any reason why the doctrine of claim preclusion does not apply, thus there appears no reason for the court to afford relief on this ground.

. . .

. . .

B.      Motion to Alter or Amend Judgment (Doc. # 50)

1.      *Legal Standard*

Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999) (en banc) (per curiam) (internal quotation marks omitted). But amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *Id.* (internal quotation marks omitted). In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Id.*

2.      *Analysis*

While the court is not limited to the four situations articulated in *McDowell*; even in its broad discretion, the court does not find that amending the judgment is appropriate under these circumstances. In the June 19, 2012, order the court dismissed the action on the basis of claim preclusion. Plaintiffs have not provided any sufficient basis upon which the court should revisit the issue. The court's order addressed the second lawsuit between the same parties, involving the same property, and the same alleged wrongful conduct. There is no reason to believe that new material evidence would impact the court's determination of the applicability of claim preclusion. Thus the court does not find that plaintiffs' case warrants this "extraordinary remedy." *McDowell*, 197 F.3d at 1255 n. 1.

C.      Emergency Motion to Report a Crime (Doc. # 53)

Plaintiffs claim that the promissory note relating to their mortgage is a forgery and seek to report various crimes pursuant to federal statutes.

**James C. Mahan**
**U.S. District Judge**

1        This motion is not proper and the court will not entertain it. Crimes are to be reported to law

2  enforcement, not to courts. This motion appears to be designed to harass defendants and waste the

3  time of the court. Plaintiffs are warned that further improper motions of this type will result in the

4  court ordering plaintiffs to pay the costs and fees incurred by defendants in responding to such

5  motions.

6  **III.**   **Conclusion**

7        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED the plaintiff's motion to vacate

8  and for relief from a judgment (doc. # 49), plaintiffs' motion to alter or amend judgment (doc. # 50),

9  and plaintiffs' emergency motion to report a crime (doc. # 53) be, and the same hereby are, DENIED.

10       DATED September 5, 2012.

11

12                          _____

13                      **UNITED STATES DISTRICT JUDGE**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**