# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS MCKINNON and GERI MCKINNON,<br><br>Plaintiffs,<br><br>v.<br><br>ONEWEST BANK, FSB, et al.,<br><br>Defendants. | 2:12-CV-329 JCM (VCF) |

## ORDER

Presently before the court is a motion to expunge *lis pendens* filed by defendants OneWest Bank, FSB and IndyMac Mortgage Services. (Doc. # 60). *Pro se* plaintiffs Thomas and Geri McKinnon filed a response in opposition. (Doc. # 62).

Though the instant motion was filed on August 30, 2012, plaintiffs appealed this case to the Ninth Circuit on September 25, 2012, prior to the end of the briefing schedule set for this motion. Accordingly, the court initially declined to consider the motion due to the pending appeal. (Doc. # 68). On June 12, 2014, the Ninth Circuit remanded the case for the limited purpose of allowing this court to rule upon defendants' motion to expunge *lis pendens*. (Doc. # 70).

This case involves claims arising under the Fair Debt Collection Practices Act by *pro se* plaintiffs against defendants OneWest Bank, FSB and IndyMac Mortgage Services. On June 19, 2012, the court dismissed *pro se* plaintiffs' complaint and expunged the *lis pendens* on the property at the center of this dispute, finding that all of plaintiffs' claims had already been fully adjudicated

**James C. Mahan**
**U.S. District Judge**

1    in a prior action. (Doc. # 43). Despite the dismissal, plaintiffs recorded a second *lis pendens* on July

2    3, 2012. Plaintiffs also filed motions to vacate the judgment, (doc. # 49), and to alter or amend the

3    judgment, (doc. # 50), on that same day. Both of these motions were subsequently denied. (Doc. #

4    61).

5        Defendants now request that the court expunge the *lis pendens* affecting the property at issue

6    in this case.

7        Nev. Rev. Stat. 14.015(3) provides that a party who records a notice of *lis pendens*

8    must establish to the satisfaction of the court either:

9        (a) That the party who recorded the notice is likely to prevail in the action; or

10       (b) That the party who recorded the notice has a fair chance of success on the merits in the action and the injury described in paragraph (d) of

11       subsection 2 would be sufficiently serious that the hardship on him or her in the event of a transfer would be greater than the hardship on the

12       defendant resulting from the notice of pendency . . . .

13   As thoroughly discussed in the court's prior orders, *pro se* plaintiffs' claims are barred under

14   the doctrine of claim preclusion, and were fully adjudicated in a prior lawsuit in this district. (Doc.

15   # 43); *see also McKinnon v. IndyMac Bank F.S.B.*, 2012 WL 194426 (D. Nev. Jan. 23, 2012) *motion*

16   *for relief from judgment denied*, 2012 WL 3834814 (D. Nev. Sept. 4, 2012). In their response to the

17   instant motion, *pro se* plaintiffs merely reiterate the same arguments that have been previously

18   rejected by the court on multiple occasions. Thus, *pro se* plaintiffs have failed to meet their burden

19   of showing even a fair chance of success on the merits of their claims.

20       Accordingly,

21       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to

22   expunge *lis pendens* (doc. # 60) be, and the same hereby is, GRANTED.

23       DATED June 16, 2014.

24

25                                                                 

26   **UNITED STATES DISTRICT JUDGE**

27

28

**James C. Mahan**
**U.S. District Judge**