# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS MCKINNON and GERI MCKINNON, <br><br> Plaintiffs, <br><br> v. <br><br> ONEWEST BANK, FSB, et al., <br><br> Defendants. | 2:12-CV-329 JCM (VCF) |

## ORDER

Presently before the court is the matter of *McKinnon et al. v. NDEX West, LLC* (2:12-cv-329-JCM-VCF). On June 16, 2014, the court entered an order expunging the *lis pendens* upon the property at the center of this dispute. (Doc. # 71).

On June 30, 2014, defendants filed a request for the court to issue an additional order including precise language laid out in Nev. Rev. Stat. 14.015(5). (Doc. # 74). Though defendants' request was misplaced, the court issued an order restating that the *lis pendens* was expunged pursuant to Nev. Rev. Stat. 14.015(3).

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

On July 15, 2014, defendants requested the expunction of an additional *lis pendens* to which they failed to refer in their prior request.[1] (Doc. # 77). This *lis pendens* was included within defendants' motion to expunge, (doc. # 60), which was granted by the court, in its entirety, on June 16, 2014, (doc. # 71).

Nevertheless, the court finds it appropriate to reiterate that expunction of this *lis pendens* is warranted, as plaintiffs have failed to fulfill the requirements set forth in Nev. Rev. Stat. 14.015(3).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the notice of pendency of action filed and recorded by or on behalf of plaintiffs upon the real property located at 6208 Sweetbriar Court, Las Vegas, Nevada, 89146 (APN 163-02-814-017) with the Clark County Recorder's Office as instrument number 201207030002416 is hereby cancelled and expunged.

IT IS FURTHER ORDERED that plaintiffs shall record a copy of this order with the Clark County Recorder's Office within seven (7) days of its issuance.

DATED July 21, 2014.

UNITED STATES DISTRICT JUDGE

---

[1] In this filing, defendants also state that the court "amended" its original expunction order to include "specific language as required by [Nev. Rev. Stat.] 14.015(5)." (Doc. # 77, p. 2). This is inaccurate. In it's order, the court specifically stated:

> Defendants' assertion that [the language of Nev. Rev Stat. 14.015(5)] is necessary to expunge the *lis pendens* is misplaced, as the court did not find that plaintiffs failed to meet the requirements set forth in Nev. Rev. Stat. 14.015(2), but instead that plaintiffs lacked a "fair chance of success on the merits" as required by Nev. Rev. Stat. 14.015(3). Therefore, the specific language required for cancellation pursuant to Nev. Rev. Stat. 14.015(5) was not necessary to give effect to the court's order.

(Doc. # 75, p.2).